UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. RODRIGUEZ,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | Case No. 2:24-cv-08079-MCS (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On September 9, 2024, Plaintiff, a pretrial detainee proceeding *pro se*, submitted a Complaint pursuant to 42 U.S.C. § 1983. [Dkt. 1 ("Complaint")]. The Complaint seeks monetary damages against a governmental agency. On December 2 2024, the Court granted Plaintiff's request to proceed without prepayment of the full filing fee. [Dkt. 5.]

Under 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c)(1), federal courts are required to screen prisoner complaints and dismiss them if they are determined to be frivolous, malicious, fail to state a claim upon which relief may be granted, or seek relief against a defendant who is immune from suit. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024); *Lopez v. Smith*, 203

1

1  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e)
2  not only permits but requires a district court to dismiss an in forma pauperis
3  complaint that fails to state a claim."). Screening "dismissals for failure to state a
4  claim are obligatory, even if the court raised the legal basis for the dismissal *sua*
5  *sponte*." *Hebrard*, 90 F. 4th at 1007. If the above-noted defects in a complaint are
6  found to exist "at any time," the Court is required to dismiss the complaint even if
7  some or all of the filing fee has been paid. 28 U.S.C. § 1915(e)(2).

8       On December 4, 2024, United States Magistrate Judge Gail J. Standish issued
9  a screening order based upon her review of the Complaint pursuant to the above-
10 noted standards. [Dkt. 6, "Screening Order."] The Screening Order found that the
11 Complaint suffers from several defects. One defect is procedural in nature, namely,
12 a failure to clearly identify the Defendants who are being sued. The other defects
13 are substantive and prevent the Complaint from stating a claim upon which relief
14 can be granted, namely: a failure to satisfy the requirements of *Monell v. Dep't of*
15 *Social Services*, 436 U.S. 658 (1978), for suing a municipal entity and/or a
16 municipal entity employee in his official capacity; and a failure to allege adequate
17 facts to state a claim against any Defendant and to plead the required causation as to
18 one of the Defendants. The Screening Order advised Plaintiff of his options in light
19 of Magistrate Judge Standish's conclusions and directed him to respond by January
20 3, 2025. In addition, the Screening Order warned Plaintiff that a failure to respond
21 in a timely manner could result in a dismissal of this case.

22      It is now over a month past Plaintiff's deadline to respond to the Screening
23 Order and he has neither responded nor sought an extension of time to do so. The
24 Court has reviewed the Screening Order and agrees with its conclusions as to the
25 Complaint's defects. Because of these defects, the Complaint fails to state a claim
26 upon which relief can be granted, and thus, the above-noted screening provisions
27 require its dismissal.
28 ///

1   Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), this action is
2   dismissed without prejudice.  Judgment shall be entered accordingly.
3
4   **IT IS SO ORDERED.**
5
6   DATED:  February 4, 2025

_____
MARC C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE